IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CORRIE BARNES,
    Petitioner,

vs.                                    Case No.:  3:11cv257/WS/EMT

KENNETH S. TUCKER,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

    Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (doc. 8).  Respondent filed a motion to dismiss the petition as untimely, with relevant portions of the state court record (doc. 35).  Petitioner filed a response in opposition to the motion (doc. 37).

    This matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(b).  After careful consideration, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter. It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition should be dismissed as untimely.

I.    BACKGROUND AND PROCEDURAL HISTORY

    The relevant procedural history of this case is established by the state court record (doc. 35).[1] Petitioner was indicted in the Circuit Court in and for Okaloosa County, Florida, Case No. 2002-CF-2198, on one count of first degree premeditated murder with a firearm (Count 1), one count of

---

[1] Hereinafter all citations to the state court record refer to the exhibits submitted with Respondent's motion to dismiss (doc. 35).  If a cited page has more than one page number, the court cites to the page numbers as enumerated in the court's electronic docketing system.

attempted first degree premeditated murder with a firearm (Count 2), and one count of first degree felony murder with a firearm (Ex. A at 33–34).  Following a jury trial, Petitioner was found guilty as charged (*id.* at 35–38).  He was adjudicated guilty and sentenced to life imprisonment without the possibility of parole and with a twenty-five year mandatory minimum on Count 1, and a consecutive term of life imprisonment Count 2, with pre-sentence jail credit of 623 days (*id.* at 39–45).  The court did not impose a sentence on Count 3 (*id.*).  Petitioner appealed the judgment to the Florida First District Court of Appeal ("First DCA"), Case No. 1D04-3868 (Ex. PD-2).  The First DCA affirmed the judgment per curiam without written opinion on December 8, 2005, with the mandate issuing December 28, 2005 (Ex. B).  Barnes v. State, 917 So. 2d 867 (Fla. 1st DCA 2005) (Table).

On November 19, 2006, Petitioner filed a motion for post-conviction relief, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Ex. C).[2]  Following an evidentiary hearing, the state circuit court denied the motion on August 29, 2008 (Ex. D).  Petitioner appealed the decision to the First DCA, Case No. 1D08-4495 (*see* Ex. PD-3).  The appellate court affirmed per curiam without written opinion on May 19, 2010, with the mandate issuing July 23, 2010 (Exs. E, F).  Barnes v. State, 38 So. 3d 771 (Fla. 1st DCA 2010) (Table).

On September 22, 2010, Petitioner filed a motion to correct illegal sentence, pursuant to Rule 3.800(a) of the Florida Rules of Criminal Procedure (Ex. G at 19–21).  The state circuit court denied the motion on October 19, 2010 (*id.* at 25–26).  Petitioner appealed the decision to the First DCA, Case No. 1D10-6083 (*see* Ex. PD-4).  The appellate court affirmed per curiam without opinion on January 20, 2011, with the mandate issuing February 15, 2011 (Exs. H, I).  Barnes v. State, 53 So. 3d 1023 (Fla. 1st DCA 2011) (Table).  The appellate court denied Petitioner's motion for rehearing on April 28, 2011 (Ex. J).

Petitioner filed his federal habeas petition on July 6, 2011 (doc. 8 at 42).

II.     ANALYSIS

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, 110 Stat. 1214, which

---

[2] The court assumes without deciding that Petitioner's motion was constructively filed on November 19, 2006, for the reasons stated by Respondent (*see* doc. 35 at 2 n.2).

Case No. 3:11cv257/WS/EMT

became effective on April 24, 1996, a one-year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment. The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(1).

Respondent contends the appropriate statutory trigger for the limitations period is § 2244(d)(1)(A), the date Petitioner's conviction became final (doc. 35 at 2). Petitioner does not argue that any of the statutory triggers set forth in § 2244(d)(1)(B–D) apply. Therefore, the statute of limitations will be measured from the date the judgment became final. *See* 28 U.S.C. § 2244(d)(1)(A).[3]

The First DCA affirmed Petitioner's judgment and sentence on December 8, 2005. Petitioner did not seek review of the judgment in the United States Supreme Court; therefore, his conviction

---

[3] The court notes that in one of Petitioner's federal habeas claims he asserts that the state post-conviction appellate court committed constitutional error by allowing his court appointed counsel to withdraw and refusing to appoint other counsel or relinquish jurisdiction to the lower court to do so (doc. 8 at 28–33). Although the factual predicate of this claim was not available until after Petitioner's conviction became final, the Eleventh Circuit has repeatedly held that defects in state collateral proceedings do not provide a basis for habeas relief. *See, e.g.*, Anderson v. Sec'y for Dep't of Corr., 462 F.3d 1319, 1330 (11th Cir. 2006) (per curiam); Quince v. Crosby, 360 F.3d 1259, 1262 (11th Cir. 2004); Spradley v. Dugger, 825 F.2d 1566, 1568 (11th Cir. 1987) (per curiam). The reasoning behind this well-established principle is straightforward: a challenge to a state collateral proceeding does not undermine the legality of the detention or imprisonment—that is, the conviction itself—and thus habeas relief is not an appropriate remedy. *See* Quince, 360 F.3d at 1261–62; Spradley, 825 F.2d at 1568. Because federal habeas relief is not an appropriate remedy for this claim, it may not serve as the appropriate statutory trigger for the federal limitations period. To decide otherwise would permit petitioners to delay the start date of the limitations period by asserting non-cognizable claims and undermine the purpose of the statutory limitations period.

became final upon expiration of the ninety-day period for doing so, March 9, 2006. *See* Chavers v. Secretary, Florida Dept. of Corrections, 468 F.3d 1273, 1274–75 (11th Cir. 2006) (judgment of conviction becomes "final" after the expiration of the ninety-day period in which the petitioner could have filed a petition for a writ of certiorari, which begins to run on the date of the appellate court's affirmance of the conviction, not the date of the appellate court's mandate).[4] Petitioner thus had one year from that date, or until March 9, 2007, to file his § 2254 petition. *See* Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (limitations period should be calculated according to "anniversary method," under which limitations period expires on anniversary of date it began to run) (citing Ferreira, 494 F.3d at 1289 n.1). Petitioner did not file his federal petition on or before that date; therefore, it is untimely unless tolling principles apply and render it timely.

Section 2244(d)(2) provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

On November 19, 2006, after **254 days** of the federal limitations period elapsed, Petitioner filed a Rule 3.850 motion. Respondent concedes this was a tolling motion (doc. 35 at 2). The motion was pending until July 23, 2010, upon issuance of the First DCA's mandate affirming the lower court's denial of the motion. *See* Nyland v. Moore, 216 F.3d 1264, 1267 (11th Cir. 2000) (where Florida petitioner appeals trial court's denial of post-conviction application, application remains pending until issuance of the mandate by the appellate court).

The federal limitations clock began ticking again on July 24, 2010, and it ran for **61 days** until Petitioner filed a Rule 3.800(a) motion on September 22, 2010. Respondent concedes this was a tolling motion (doc. 35 at 2). The motion was pending until April 28, 2011, when the First DCA denied Petitioner's motion for rehearing. The limitations period expired **50 days** later (254 + 61 +

---

[4] Chavers invalidates Petitioner's argument that the ninety-day period for seeking certiorari review commenced the date of the First DCA's mandate (*see* doc. 37).

50 = 365).[5] Petitioner did not file his federal petition until July 6, 2011, after the limitations period expired.

A petitioner is entitled to equitable tolling of the federal limitations period if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, — U.S. —, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010) (citing Pace, 544 U.S. at 418) (internal quotations omitted); *see also* Hunter v. Ferrell, 587 F.3d 1304, 1308 (11th Cir. 2009) (citation omitted). Because equitable tolling is "an extraordinary remedy," it "is limited to rare and exceptional circumstances" and "typically applied sparingly." Lawrence v. Florida, 421 F.3d 1221, 1226 (11th Cir. 2005). Thus, the Eleventh Circuit has concluded that equitable tolling is available only "'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'" *Id.* (quoting Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999)). "As for the 'extraordinary circumstance' prong, like the Supreme Court's articulation in Holland, [the Eleventh Circuit] too ha[s] required a defendant to show a causal connection between the alleged extraordinary circumstances and the late filing of the federal habeas petition. *See* San Martin v. McNeil, 633 F.3d 1257, 1267 (11th Cir. 2011) (citing Lawrence, 421 F.3d at 1226–27). "The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'" Holland, 130 S. Ct. at 2565 (internal quotation marks and citation omitted). "The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner." San Martin, 633 F.3d at 1268 (citing Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002)). "Mere conclusory allegations are insufficient to raise the issue of equitable tolling." *Id.* (citations omitted).

In the instant case, Petitioner alleges he was placed in a "psychological emergency cell" at his institution, Suwannee Correctional Institution, on April 15, 2011 (doc. 1 at 1). He states he was

---

[5] During that fifty-day period, Petitioner had no post-conviction applications pending in the state courts. Petitioner filed a Motion for Extension of Time on May 23, 2011, in this federal court (*see* doc. 1). However, federal filings do not qualify for statutory tolling under § 2244(d)(2). *See* Duncan v. Walker, 533 U.S. 167, 181, 121 S. Ct. 2120, 150 L. Ed. 2d 251 (2001). The undersigned will, however, consider the allegations in the Motion for Extension of Time to determine whether the circumstances described therein entitle Petitioner to equitable tolling of the limitations period.

transferred to a crisis stabilization unit at Charlotte Correctional Institution on April 22, 2011 (*id.* at 1–2).  Petitioner states he was released from the crisis stabilization unit on May 9, 2011 (*id.*). Additionally, Petitioner's filings reflect he was temporarily housed at the South Florida Reception Center (doc. 1) and then permanently assigned back to Suwannee C. I. sometime prior to July 6, 2011, when he filed his federal petition from that institution (*see* doc. 12).  Petitioner asserts that until he was returned to Suwannee C.I., he was separated from all of his legal work and thus could not file a § 2254 petition (doc. 1 at 1–2).

The court assumes, without deciding, that placement in a crisis stabilization unit for a psychological emergency is a rare and exceptional circumstance.  However, Petitioner has failed to demonstrate a causal connection between this circumstance and the late filing of his federal petition. Allowing him tolling for the period he was in the crisis stabilization unit would only give him an additional 10 days of tolling, from April 29 to May 9, 2011.[6]  He still had 50 days from that date, or until June 29, 2011, to file his federal petition.

Petitioner contends due to institutional transfers (from Suwannee C.I. to Charlotte C.I. to the South Florida Reception Center, and back to Suwannee C.I.), he was separated from his legal documents.  However, institutional transfers and resulting temporary separation from legal documents and other property are not rare or exceptional circumstances.  In <u>Akins v. United States</u>, the § 2255 movant argued for equitable tolling because (1) he was subjected to lockdowns in jail for several months, during which he could not access the law library, and (2) prison officials misplaced his legal papers for a period of time.  204 F.3d 1086, 1089–90 (11th Cir. 2000).  After noting the movant had ample time to file his motion when these impediments did not exist, the Eleventh Circuit declined to apply equitable tolling.  *Id.* at 1090 (evaluating a § 2255 habeas motion).  In <u>Dodd v. United States</u>,, the movant argued for equitable tolling because he was transferred to a different facility and detained there for over ten months without access to his legal papers.  365 F.3d 1273, 1282–83 (11th Cir. 2004).  The Eleventh Circuit stated, "<u>Akins</u> suggests that lockdowns and periods in which a prisoner is separated from his legal papers are not 'extraordinary circumstances' in which equitable tolling is appropriate." *Id.* at 1283.  In <u>Dodd</u>, the movant never claimed his detention was

---

[6] Petitioner already received statutory tolling until April 28, 2011.

unconstitutional, inappropriate, or outside of routine practice, and the Eleventh Circuit found that the circumstances were not extraordinary. *Id.* (evaluating a § 2255 habeas motion).

According to the Eleventh Circuit's prior decisions and statements in Akins and Dodd, Petitioner's institutional transfers and related separation from his legal papers were routine incidents of prison life, not extraordinary circumstances. Additionally, Petitioner failed to show a causal connection between his late federal filing and his separation from his legal documents during the institutional transfers. From the date of his release from the crisis stabilization unit, Petitioner had fifty days to file his federal petition. He certainly had access to the appropriate federal court during that time, as evidenced by his filing his Motion for Extension of Time in this court (doc. 1, submitted by Petitioner for filing on May 23, 2011, and received by this court on May 25, 2011). Further, according to Petitioner, all of the claims he raised in the instant federal habeas action were asserted in his Rule 3.850 motion (*see* doc. 8 at 5–6). Petitioner could have made reasonably diligent efforts to obtain a copy of his Rule 3.850 motion from another source, for example, the state circuit court, and had he done so and filed even a "place holder" federal petition within that fifty-day period, his petition would have been timely.

Petitioner has not demonstrated that his placement in the crisis stabilization until May 9, 2011 and separation from his legal papers until he was permanently assigned back to Suwannee C.I. actually prevented him from timely presenting his claims to this court. Therefore, his § 2254 petition should be dismissed with prejudice as time-barred.

III.     CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Case No. 3:11cv257/WS/EMT

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Respondent's motion to dismiss (doc. 35) be **GRANTED**.

2. That the petition for writ of habeas corpus (doc. 8) be **DISMISSED with prejudice** as untimely.

3. That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 18th day of April 2012.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**